UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PATRIOT DISASTER SPECIALIST L L C** | **:** | **CASE NO. 2:22-CV-05979** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **CLAUDIA HODGES ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, the undersigned *sua sponte* **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiffs' failure to prosecute and failure to follow the rules and orders of this court.

## I.
## BACKGROUND

This suit was filed on August 31, 2022, in the 14th Judicial District Court, Calcasieu Parish, Louisiana, by plaintiff Patriot Disaster Specialist, LLC, through its counsel of record, Robert R. Bryant. Doc. 1, att. 2. The matter was removed to this court on November 16, 2022 [doc. 1], and thereafter Mr. Bryant moved to withdraw as plaintiff's counsel of record on September 29, 2023 [doc. 8]. The motion to withdraw explained that plaintiff "is retaining other counsel," noted that plaintiff had been notified of all deadlines and pending court appearances, and provided the court with plaintiff's contact information. Doc. 8 at p. 2.

The court originally deferred ruling on the motion to withdraw because to grant such a motion "would leave a juridical entity unrepresented and hamper our ability to see this matter to a conclusion[.]" Doc. 10. The court, however, indicated counsel would be allowed to withdraw

1

immediately if substitute counsel enrolled. *Id.* Thereafter, the court cautioned that if plaintiff did not retain new counsel to substitute for current counsel by November 17, 2023, the motion to withdraw would be stricken from the record. Doc. 11. The court struck the motion to withdraw from the record on December 19, 2023, as no new counsel had enrolled for plaintiff by that date. Doc. 12.

After a period of inactivity on the docket, the court set a telephone scheduling conference for September 10, 2024. Doc. 14. The Scheduling Conference commenced as scheduled, but no representative of plaintiff appeared. Doc. 16. The Scheduling Conference was rescheduled for November 13, 2024, [doc. 17], and the court ordered that:

> new counsel enroll for plaintiff and appear by telephone at the November 13, 2024, scheduling conference, or that current counsel appear at same to resume representation and select a trial date. **Otherwise this matter is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b)**.

Doc. 18 (emphasis original). The Scheduling Conference commenced as scheduled on November 13, 2024. Again, no representative for plaintiff appeared. Doc. 19. No substitute counsel has enrolled.

## II.
## LAW & ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

Counsel of record sought to withdraw over a year ago and has taken no further action in this case since moving to withdraw. Under Local Rule 83.2.11, enrolled counsel of record will be held to represent the party for whom he or she appears unless the court permits counsel to withdraw from the case. The court has never permitted Robert R. Bryant to withdraw as counsel of record for Plaintiff Patriot Disaster Specialist LLC. *See* docs. 10, 11, 12, 18. Accordingly, Mr. Bryant has remained responsible for ensuring that plaintiff receives notice of the court's actions over the last twelve months.

The court has repeatedly warned plaintiff that because it is a juridical entity, it must be represented by an attorney to proceed in this matter. *E.g.*, docs. 10, 11, 18. As detailed above, plaintiff has failed to obtain substitute counsel so it can participate in the prosecution of this case. Additionally, this court issued an order that plaintiff obtain new counsel or proceed with current counsel, and that failure to do so would lead the court to dismiss this matter for failure to prosecute. Docs. 18, 19. Plaintiff failed to abide by those orders. All of this taken together indicates plaintiff is not prosecuting the claim as it should. Therefore, the court finds that plaintiff has caused undue delay in the prosecution of this case and has furthermore failed to comply with orders of this court.

### III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that pursuant to the court's sanctioning authority, this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiffs' failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

**IT IS ORDERED** that the Clerk send a copy of this Report and Recommendation to plaintiff's business address [doc. 8]:

Patriot Disaster Specialist, LLC
c/o Rich Eten
2423 Quantum Blvd.
Boynton Beach, FL 33426

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of November, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**